UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT FRAZIER, <br><br>  Plaintiff, <br><br> v. <br><br> JULIA BARNETT, et al., <br><br>  Defendant. | CASE NO. 2:23-cv-00690-JLR-BAT <br><br> **SUPPLEMENTAL REPORT AND RECOMMENDATION** |

Plaintiff, Robert Frazier, who is currently confined at the Monroe Correctional Complex-Twin Rivers Unit (MCC-TRU), filed a *pro se* 42 U.S.C. § 1983 prisoner civil rights complaint alleging the medical care defendants provided violated his rights. Dkt. 6. On June 26, 2023, plaintiff filed a first amended complaint as directed by this Court's May 23, 2023, order declining service and granting leave to amend. Dkts. 8, 12. On July 11, 2023, plaintiff filed a second amended complaint. Dkt. 14. The second amended complaint is identical to the first amended complaint with the exception of some additional allegations made at pages 25 through 28. *Id.*

On July 12, 2023, this Court issued a report and recommendation recommending that plaintiff's first amended complaint (Dkt. 12) be dismissed without prejudice for failure to state a claim and that plaintiff's motion for temporary restraining order (TRO) and preliminary

SUPPLEMENTAL REPORT AND
RECOMMENDATION - 1

injunction (Dkt. 13) be denied. Dkt. 15. The Court now issues this supplemental report and recommendation as the original report and recommendation failed to address the new allegations at pages 25 through 28 of plaintiff's second amended complaint. *Id.*

For the reasons below, the Court recommends that the new allegations in plaintiff's second amended complaint (Dkt. 13) be dismissed without prejudice for failure to state a claim and that the remaining allegations be dismissed for the same reasons stated in this Court's July 12, 2023, report and recommendation. Furthermore, having considered the additional allegations in plaintiff's second amended complaint and finding they fail to state a claim, the Court reiterates its recommendation that plaintiff's motion for temporary restraining order (TRO) and preliminary injunction (Dkt. 13) be denied for the reasons set forth in the July 12, 2023, report and recommendation.

**DISCUSSION**

**A.      The Second Amended Complaint**

The second amended complaint (Dkt. 14) is identical to the first amended complaint (Dkt. 12) with the exception of pages 25 through 28. These pages include the following allegations:

1)      "Defendant Barnett was duly informed concerning the plaintiff's need for outside specialized care after Oct. 25, 2018 which began the pattern of refusal to provide the plaintiff with adequate medical care. (See Exhibit 1)."

2)      "Defendant Jackson was allowed to repeatedly violate the plaintiff(s) rights under the Eight Amendment, and continued to violated the plaintiff's rights under such laws. And these actions have caused the plaintiff to experience, pain and suffering as well as physical injury and emotional distress: (See Exhibit 28-29-40-41).

3) "Defendant Sagar has been allowed to order medical staff to rewrite the plaintiffs HSRs which was written by Dr Andersen for non-medical reasons. This action has provided Defendant Sagar with the cover to take unlawful actions against the plaintiff(s), the defendant has also been allowed to use this pattern to retaliate and discriminate against the plaintiff(s) (See Exhibit 41(a)-41(b) 41(c). On or about 3/25/21 Defendant Sagar was also allowed to circumvent the EMP (Emergency Medical Placement) this action was accomplished by defendant Sagar not following the terms of DOC policy 350.270 and the plaintiff's complaint #21728782 was sent to the classification process giving defendant Sagar complete control over this medical issue. See Exhibit 41(b) Comments section."

4) "Defendant O'Connor from Nov. 2022 involved herself in a pattern of retaliatory actions outlined in Exhibit 51." In Exhibit 51, plaintiff alleges defendant O'Connor ordered Sgt. Wright to stop his in-cell therapy-aids from being allowed to clean his cell and ordered Sgt. Dermott to not allow his therapy aids to push his wheelchair based on the fact that she had requested that the medical department remove plaintiff's HSR for non-medical reasons. Plaintiff alleges defendant O'Connor took these actions after she was sent "copies of my medical which clearly showed the nature of my medical issues[.]" Plaintiff alleges defendant O'Connor ordered his therapy aide not to push his wheelchair and ordered her staff to infract inmates if they pushed plaintiff's wheelchair (especially if the[y] were white). Plaintiff alleges this caused him to miss a number of medical appointments, going to chow and pill line. Finally, plaintiff alleges his therapy aide was called out to the Lieutenant's office and told plaintiff was a sexual predator who would sexually assault him and or stab him if he refused to have sex with plaintiff. Plaintiff alleges defendant O'Connor used the PREA laws as a means of create a false pretense that any of these

investigations found any form of sexual malfeasance. Plaintiff also alleges defendant O'Connor's actions violated his rights under the Eighth Amendment.

5) Defendant O'Connor allowed defendant Jackson to take plaintiff's customized wheelchair after an RN responded to the plaintiff's grievance for another issue concerning his need for physical therapy. The RN claimed she would have the minor issue repaired. Plaintiff claims when he was "given the means to have the wheelchair fixed" defendant Jackson refused to return the wheelchair 10 days after the plaintiff filed his lawsuit against her.

6) Defendant O'Connor failed to follow DOC policy concerning the treatment of prisoners with disabilities and defendants O'Connor, Jackson, Costa, and Awad all violated DOC policies. Defendant O'Connor refused to make reasonable modifications in the policies, practices and procedures which she had written and refused to change and or remove barriers to access of the plaintiff.

7) Defendant Sinclair failed to take any action to prevent further acts of harm, along with intentional discrimination and retaliation by the unlawful combined efforts of defendants Barnett, Jackson, Costa, Chandler, O'Connor, and Sagar.

8) As the result of the actions of Defendant Awad, plaintiff(s) suffered actual harm and the effects of this unnecessary and wanton infliction of pain.

**B.     Analysis**

Plaintiff's allegations remain too generalized and conclusory to state a claim under any of the relevant legal standards the Court outlined in its July 12, 2023, report and recommendation. Plaintiff was previously advised in the Court's order declining service, that he must set forth specific facts showing a causal connection between each defendant's actions and the harm allegedly suffered. Plaintiff was advised that for each allegation, he must identify the name of the

person who violated his constitutional right, and the specific injury he suffered because of that person's conduct, and the date the conduct occurred. *See Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The additional allegations in plaintiff's second amended complaint fail to cure this deficiency and fail to otherwise state a claim.

Plaintiff fails to allege sufficient facts to support his conclusory allegation that defendant Sagar has been allowed to order medical staff to rewrite the plaintiff's HSRs in order to take unlawful actions, retaliate and discriminate against the plaintiff(s). Plaintiff does not identify what HSRs he is referring to or the basis for his assertion that defendant Sagar ordered medical staff to rewrite them. Plaintiff also fails to allege sufficient facts to support or explain his allegation that on 3/25/21 defendant Sagar was "allowed to circumvent the EMP (Emergency Medical Placement)." Plaintiff fails to explain what specific actions defendant Sagar took, how he was allowed to circumvent the EMP, or what the EMP was that plaintiff is referring to.

Plaintiff alleges defendant O'Connor took retaliatory actions against him by instructing other DOC staff to stop his therapy aids from cleaning plaintiff's cell and pushing his wheelchair, requesting that the medical department remove plaintiff's HSR for non-medical reasons, and allowing defendant Jackson to take plaintiff's customized wheelchair. Again, plaintiff fails to explain the factual basis for these conclusory assertions. Plaintiff fails to explain the basis for his belief or allegation that defendant O'Connor gave these instructions or "allowed" defendant Jackson to take his wheelchair.

Plaintiff also fails to allege facts to support a claim that defendant O'Connor or defendant Sager engaged in any of the above actions because of plaintiff's constitutionally protected conduct, or that their actions had no legitimate penological goal, as required to state a retaliation

1 claim. Plaintiff also fails to allege sufficient facts to establish that defendant O'Connor's and
2 defendant Sager's alleged actions constituted deliberate indifference to a serious medical need,
3 i.e., that plaintiff had a serious medical need and that defendants O'Connor and Sager
4 deliberately ignored or failed to respond to that need. *See McGuckin v. Smith*, 974 F.2d 1050,
5 1059 (9th Cir. 1992) *overruled on other grounds by WMX Technologies, Inc. v. Miller,* 104 F.3d
6 1133, 1997 WL 1218 (Jan. 2, 1997) (*quoting Estelle v. Gamble*, 429 U.S. 97, 104 (9th Cir.
7 1976)) (A medical need is serious "if the failure to treat the prisoner's condition could result in
8 further significant injury or the 'unnecessary and wanton infliction of pain.'").

9  Plaintiff also alleges defendant Jackson refused to return his wheelchair 10 days after the
10 plaintiff filed his lawsuit against her. Plaintiff fails to explain exactly when this occurred or the
11 circumstances under which defendant Jackson allegedly refused to return his wheelchair.
12 Plaintiff fails to allege sufficient facts to connect his filing of a lawsuit with defendant Jackson's
13 alleged retaliatory actions, nor does he allege defendant Jackson lacked a legitimate penological
14 goal in refusing to return the wheelchair. Mere speculation that a defendant acted out of
15 retaliation is not sufficient. *Wood v. Yordy*, 753 F.3d 899, 904-05 (9th Cir. 2014) (affirming
16 grant of summary judgment where no evidence that defendants knew of plaintiff's prior lawsuit
17 or that defendants' disparaging remarks were made in reference to prior lawsuit).

18  Plaintiff's claims against defendant Sinclair appear to be based entirely on a theory of
19 supervisory liability. A defendant may be held liable as a supervisor under § 1983 "if there exists
20 either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient
21 causal connection between the supervisor's wrongful conduct and the constitutional violation."
22 *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). Here plaintiff's conclusory allegations
23 against defendant Sinclair fail to allege facts indicating his personal involvement in any

constitutional violation or a causal connection between any alleged wrongful conduct by defendant Sinclair and a constitutional violation.

Plaintiff's allegations against the remaining defendants listed above are too generalized and conclusory to state a claim.

Accordingly, the Court finds that plaintiff's additional allegations in his second amended complaint fail to state a claim.

## MOTION FOR TRO AND PRELIMINARY INJUNCTION

Having considered the additional allegations in plaintiff's second amended complaint and finding they fail to state a claim, the Court reiterates its recommendation that plaintiff's motion for TRO and preliminary injunction (Dkt. 13) be denied for the reasons set forth in the July 12, 2023, report and recommendation.

## CONCLUSION

For the foregoing reasons, the Court recommends that the new allegations in plaintiff's second amended complaint (Dkt. 13) located at pages 25 through 28, be dismissed without prejudice for failure to state a claim and that the remaining allegations, which are identical to those raised in the first amended complaint, be dismissed for the reasons stated in this Court's July 12, 2023, report and recommendation. Having considered the additional allegations in plaintiff's second amended complaint and finding they fail to state a claim, the Court reiterates its recommendation that plaintiff's motion for temporary restraining order (TRO) and preliminary injunction (Dkt. 13) be denied for the reasons set forth in the July 12, 2023, report and recommendation.

//

//

SUPPLEMENTAL REPORT AND
RECOMMENDATION - 7

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

<u>In light of the Court's filing of this supplemental report and recommendation, the Court will extend the deadline for plaintiff's objection to the Court's July 12, 2023 report and recommendation. Objections to this supplemental report and recommendation and to the Court's July 12, 2023, report and recommendation (Dkt. 15) may be filed and served upon all parties no later than **August 10, 2023.**</u> The Clerk should note this matter and shall **re-note** the Court's July 12, 2023, report and recommendation (Dkt. 15) for **August 11, 2023**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. The failure to timely object may affect the right to appeal.

DATED this 20th day of July, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

SUPPLEMENTAL REPORT AND
RECOMMENDATION - 8